NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RYAN WILLIAM LEE, *Appellant*.

No. 1 CA-CR 21-0486
FILED 5-26-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202000446
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

**C R U Z**, Judge:

¶1　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Ryan William Lee has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Lee was convicted of (1) possession of dangerous drugs for sale (methamphetamine), a class 2 felony and (2) possession of drug paraphernalia (methamphetamine), a class 6 felony. Lee was given an opportunity to file a supplemental brief in propria persona; he has not done so.[1] After reviewing the record, we affirm Lee's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

¶2　　　　We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Lee. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　　While investigating a separate incident involving Lee, police officers found marijuana and drug paraphernalia in Lee's possession. Officers arrested and advised Lee of his constitutional right to the assistance of counsel. During the resulting interview, Lee admitted to officers that he had a large amount of methamphetamine in his bedroom locked inside a safe.

¶4　　　　Officers obtained a search warrant and executed it at Lee's home. Inside Lee's bedroom, officers located a safe and pried it open. The

---

[1]　　　　On April 7, 2022, Lee filed a petition for post-conviction relief, and this court issued an order on April 11, 2022, noting Arizona Rule of Criminal Procedure ("Rule") 32 did not permit a party to file a notice of post-conviction relief in this court. The order further directed Lee to file a pro se supplemental brief pursuant to *Anders*, and it extended his deadline to do so. That extended deadline has passed without Lee making such a filing.

safe contained a jar with a large amount of a white crystalline substance and a jar with a green leafy substance, believed to be marijuana. The white crystalline substance field-tested positive for methamphetamine and weighed about 35 grams. Officers also located a large amount of small baggies, commonly used to package drugs for sale.

¶5        Lee was charged by indictment with possession of dangerous drugs for sale (methamphetamine), possession of marijuana, and possession of drug paraphernalia (methamphetamine). The marijuana possession charge was later dismissed by the State.

¶6        A one-day jury trial was held. Lee, who was not in custody, failed to attend his trial without good cause shown. Testimony was given by a forensic scientist responsible for analyzing the methamphetamine and the law enforcement officers who executed the search warrant. After the prosecution's evidence, Lee moved for a Rule 20 judgment of acquittal, which the court denied. Following the conclusion of evidence, the jury found Lee guilty of both counts as charged.

¶7        The superior court conducted the sentencing hearing in compliance with Lee's constitutional rights and Rule 26. After considering arguments of counsel, and affording Lee the opportunity to address the court (which he declined), the court sentenced Lee to a presumptive term of ten years' imprisonment for possession of dangerous drugs for sale and a less than presumptive term of four months' imprisonment for possession of drug paraphernalia, to be served concurrently. Lee was given seventy-seven days of presentence incarceration credit. Additionally, the court imposed a fine of $1,835, a probation assessment of $20, and assessment fees in the amounts of $13, $9, and $2.

## DISCUSSION

¶8        We review Lee's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Lee has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Rules. So far as the record reveals, counsel represented Lee at all stages of the proceedings, and the sentences imposed were within the statutory limits. We decline to order briefing and affirm Lee's convictions and sentences.

¶9        Upon the filing of this decision, defense counsel shall inform Lee of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Lee shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶10        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4